# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liquid Rarity Exchange, LLC,<br><br>      Plaintiff,<br>v.<br><br>Ozone Networks, Inc., d/b/a OpenSea<br><br>      Defendant. | Case. No. 1:24-cv-7651<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Liquid Rarity Exchange, LLC ("LRE"), by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, files its complaint against Defendant Ozone Networks, Inc. ("Ozone"), d/b/a OpenSea ("OpenSea"), for injunctive relief and damages as follows:

## NATURE OF THE ACTION

1. LRE alleges, as set forth in detail below, that Ozone willfully infringes U.S. Patent No. 10,825,090 ("the '090 patent"), entitled: "Rarity Trading Legacy Protection and Digital Convergence Platform." A true and correct copy of the '090 patent is attached hereto as Exhibit A.

## PARTIES AND JURISDICTION

2. LRE is a limited liability company organized and existing under the laws of Puerto Rico.

3. Ozone is a Delaware corporation with a principal place of business at 228 Park Avenue South, Suite 22014, New York, New York 1003. Ozone operates a platform for trading rarity assets under the name OpenSea.

4. This action arises under the Patent Act of 1952, 35 U.S.C. §§1 et seq., as amended.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction over Ozone is proper in this District because Ozone's principal place of business is located in this District, and it operates an infringing platform that users may access in this District.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Ozone's principal place of business is located in this District, and it operates an infringing platform that users in this District may access.

## FACTUAL ALLEGATIONS

8. Since its formation, LRE has been at the forefront of innovation in the virtual trading platform industry. LRE's platform (rarityx.com) allows for trading, creative collaboration, and curation of assets secured by smart contracts in the blockchain

9. LRE operates a rarities exchange platform for trading artwork and rarities. LRE also enables creators to turn their favorite artworks into fractionalized and collectible digital assets to share and trade with individuals and other artists.

10. LRE's innovations have resulted in the issuance of several U.S. patents and several foreign patents, including: U.S. Patent No. 10,825,090 (Rarity Trading Legacy Protection and Digital Convergence Platform); U.S. Patent No. 8,015,069 (System and Method for Asset Utilization); U.S. Patent No. 8,624,727 (Personal Safety Mobile Notification System); U.S. Patent No. 8,665,089 (Personal Safety Mobile Notification System); U.S. Patent No. 8,665,734 (Personal Safety Mobile Notification System); Canadian Patent No. 3,017,969 (Rarity Trading Legacy Protection and Digital Convergence Platform); Spanish Patent No. 2,752,007 (Mobile Asset Security Notification System); and European Patent No. 2875629 (Asset Safety Mobile Notification System). LRE has other U.S. patent applications pending relating to various other aspects of the trading platform, including: U.S. Pat. App. No. 17/086,871; U.S. Pat. App. No.

18/095,867; and U.S. Pat. App. No. 15/441,417. LRE has invested substantial resources in its patent portfolio.

11. OpenSea operates its infringing trading platform at https://opensea.io. OpenSea describes its platform as follows: "The world's first and largest digital marketplace for crypto collectibles and non-fungible tokens (NFTs). Buy, sell, and discover exclusive digital items." *Id.*

12. OpenSea's website further explains: "At OpenSea, we're excited about a brand new type of digital good called a non-fungible token, or NFT. NFTs have exciting new properties: they're unique, provably scarce, tradeable, and usable across multiple applications. Just like physical goods, you can do whatever you want with them! You could throw them in the trash, gift them to a friend across the world, or go sell them on an open marketplace. But unlike physical goods, they're armed with all the programmability of digital goods." *Id.*

13. OpenSea's website further explains its goal: "A core part of our vision is that open protocols like Ethereum and interoperable standards like ERC-721 and ERC-1155 will enable vibrant new economies. We're building tools that allow consumers to trade their items freely, creators to launch new digital works, and developers to build rich, integrated marketplaces for their digital items. We're proud to be the first and largest marketplace for NFTs." *Id.*

14. LRE has had multiple communications with OpenSea regarding LRE's patent portfolio beginning at least as early as March 22, 2024. *See* Letter dated March 22, 2024 from K. Grady to Devin Finzer dated March 22, 2024 attached hereto as Exhibit B.

15. On April 18, 2024, in response to a request from counsel for OpenSea, LRE provided OpenSea with a claim chart demonstrating how the OpenSea platform infringes claim 1 of the '090 patent. *See* Letter dated April 18, 2024 from K. Grady to Y. Mikulka and claim chart attached as Exhibit C.

16. The parties exchanged further correspondence related to the claim chart and the claim of infringement. OpenSea denied infringement based on its interpretation of the language of claim 1 of the '090 patent. LRE explained why the interpretation advanced by OpenSea was incorrect. In reply, OpenSea maintained its denial of infringement and considered the matter to be closed, forcing LRE to file this lawsuit to enforce its patent rights. Correspondence attached as Exhibits D, E.

## COUNT I—INFRINGEMENT OF U.S. PATENT 10,825,090

17. LRE's analysis of OpenSea's platform demonstrates that the platform infringes at least claim 1 of the '090 patent.

18. Claim 1 of the '090 patent reads as follows: "A virtual merchandising mart comprising a simulated trading center, wherein a virtual three-dimensional depiction of one or more rarity assets included in a raritymine are configured for visualization by sellers and buyers of raritybits in the raritymine."

19. A comparison of the language of claim 1 to the OpenSea clearly shows that OpenSea infringes the patent.

20. First, as explained in paragraph 13 above, the OpenSea website is a virtual merchandising mart designed to serve as a simulated trading center.

21. Second, the OpenSea website displays three-dimensional depictions of assets. A three-dimensional depiction is one that seems to have length, width, and depth. Examples of such depictions of assets on the OpenSea website include: Singularity by Hideki Tsukamoto, Dragon Street by Yu Cai, and ASM Gen II Brains. Other examples of such depictions are included in attached Exhibit F. OpenSea even lists collections categorized under the title "Trending in 3D PFPs" as illustrated in attached Exhibit G.

22. Third, assets listed on the OpenSea website are all rarity assets in that each one is unique. A non-fungible token is a unique digital identifier that is recorded on a blockchain and is used to certify ownership and authenticity.

23. Fourth, all of the assets listed on the OpenSea website are included in a raritymine. A raritymine is defined in the patent as an asset or pool of assets. The assets listed on the OpenSea website are included in pools of assets. OpenSea provides a rarity rank for assets in a collection as illustrated in attached Exhibit H.

24. Fifth, the assets are configured for visualization by sellers and buyers. An example of one such asset from the Gen II Brains Collection is reproduced below:



25.     The image is identified on the website as Gen II #14051 and was listed for sale on September 3, 2024 at Gen II #14051 - ASM Gen II B.R.A.I.N.S. | OpenSea (https://opensea.io/assets/ethereum/0x86599b800e23036d761f43d7516092447295659f/1405). The offering states: "Own your own unique artificial intelligence as an NFT. B.R.A.I.N.S. enable interoperable AI, owned by you and traded as an NFT. Create composable AI agents capable of

{12368246:1}                                      6

learning and adapting across different forms and worlds in the open metaverse." The collection includes 60,647 tokens.

26. The sellers and buyers are offering for sale and purchasing raritybits in the raritymine as defined by the '090 patent. Raritybits are defined by the patent as ownership units for rarity assets in the form of stocks, bonds, percentages, or any other appropriate unit of ownership in the pool of assets comprising the raritymine. On the OpenSea website, the raritymine is the NFT collection. The raritybit is the individual token.

27. A claim chart comparing each of the limitations of claim 1 of the '090 patent to the OpenSea platform is attached hereto as Exhibit I.

28. Based on the foregoing, OpenSea, without authority from LRE is operating a platform that infringes claim 1 of the '090 patent.

29. OpenSea is currently practicing the '090 patent without authority from LRE and threatens to continue to do so absent injunctive relief from this Court.

30. The conduct of OpenSea has injured and is continuing to injure LRE in its business and property.

31. The conduct of OpenSea is willful in that OpenSea is on notice of the '090 patent and its infringement thereof and persists in its unlawful conduct.

32. The conduct of OpenSea has caused and threatens LRE with irreparable harm for which LRE has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

A. Declare, adjudge, and decree that OpenSea is liable for infringement of the '090 patent;

B.     Issue preliminary and permanent injunctions restraining OpenSea from engaging in any further activities that infringe the '090 patent;

C.     Award LRE damages in accordance with 35 U.S.C. § 284;

D.     Declare this case "exceptional" and award LRE increased damages and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

E.     Award LRE such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: October 8, 2024

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF LLP

By: _____
James Tracy
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1231
Fax: (212) 262-1215

TUCKER ELLIS LLP

/s/ Keith J. Grady
KEITH J. GRADY (MO #46757)
100 S. Fourth Street, Suite 600
St. Louis, MO 63102
Tel. (314) 256-2550
keith.grady@tuckerellis.com

*Attorneys for Liquid Rarity Exchange, LLC*

{12368246:1}     8