UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUID RARITY EXCHANGE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OZONE NETWORKS, INC., d/b/a OpenSea <br><br> Defendant. | <u>PROTECTIVE ORDER</u> <br><br> Case No. 1:24-cv-7651-AS |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

      a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b. previously nondisclosed material relating to ownership or control of any non-public company;

      c. previously nondisclosed business plans, product development information, or marketing plans;

      d. any information of a personal or intimate nature regarding any individual; or

      e. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only such material as consists of: extremely sensitive Confidential Information disclosure of which to another person would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and, upon request, by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the transcript of the designated

testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. in-house personnel: each party may designate up to three (3) in-house personnel whose names, titles and business addresses shall be disclosed to each other party;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a producing party regarding the same;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action ("Expert"), provided such

      person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  f. stenographers engaged to transcribe depositions conducted in this action;

  g. vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided the vendor has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

  h. the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

  a. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a producing party regarding the same;

  c. any Expert, provided such Expert has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided that the party retaining the Expert follows the procedure set forth in Paragraph 8 herein before disclosing Highly Confidential – Attorneys' Eyes Only information to such Expert;

  d. stenographers engaged to transcribe depositions conducted in this action;

    e. vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided the vendor has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

    f. the Court and its support personnel.

8. A receiving party who seeks to disclose to an Expert any information or item that has been designated Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to Paragraphs 6 and/or 7 must first make a written request to the producing party that: (a) sets forth the full name of the Expert, (b) attaches a copy of the Expert's current resume, and (c) identifies each case in connection with which the Expert has offered expert testimony or opinions in the past five years. If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information they believe can be disclosed without violating a confidentiality agreement.

9. A receiving party that makes a disclosure request and provides the information specified in Paragraph 8 may disclose the designated material to the Expert unless, within 7 calendar days of delivering the request, they receive from the producing party a written objection. Any such objection must set forth in detail the grounds on which it is based. A receiving party that receives a timely written objection must meet and confer with the producing party to try to resolve the matter by agreement within 7 calendar days of the written objection. If no agreement is reached, the receiving party seeking to make the disclosure to the expert may address the dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases. In any such proceeding, the party opposing disclosure to the Expert

5

shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the material to its expert.

10. Absent written consent from the producing party, any individual bound by this agreement who receives access to Highly Confidential – Attorneys' Eyes Only information shall not be involved in the prosecution of patents or patent applications directed to online trading platforms for rarities or NFTs, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims including, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review), provided that the challenge or defense does not include amending of claims. This prosecution bar shall begin when access to Highly Confidential – Attorneys' Eyes Only information is first received by the affected individual and shall end one (1) year after final termination of this action. For the avoidance of doubt, the "prosecution bar" established by this paragraph shall only extend to those individuals bound by this agreement who receive access to Highly Confidential – Attorneys' Eyes Only information and shall not

extend by imputation or otherwise to any other individual at that individual's law firm who has not received access to Highly Confidential – Attorneys' Eyes Only information.

11. All Confidential and Highly Confidential – Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential and Highly Confidential – Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals such Discovery Material.

12. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

7

14. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

19. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law, or from retaining one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein. Upon request of the producing party, the receiving party shall provide a certification of counsel that all such information has been returned or destroyed.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| */s/ Keith J. Grady* | */s/ Ranganath Sudarshan* |
| TUCKER ELLIS LLP<br>KEITH J. GRADY (MO #46757)<br>100 S. Fourth Street, Suite 600<br>St. Louis, MO 63102<br>Tel. (314) 256-2550<br>keith.grady@tuckerellis.com<br><br>WINDELS MARX LANE & MITTENDORF LLP<br>James Tracy<br>156 West 56th Street<br>New York, New York 10019<br>Tel: (212) 237-1231<br>Fax: (212) 262-1215<br><br>*Attorneys for Liquid Rarity Exchange, LLC* | Ranganath Sudarshan (admitted *pro hac vice*)<br>Jared Frisch (admitted *pro hac vice*)<br>John Veiszlemlein (admitted *pro hac vice*)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>rsudarshan@cov.com<br>jfrisch@cov.com<br>jveiszlemlein@cov.com<br><br>Philip A. Irwin<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>(212) 841-1190<br>pirwin@cov.com<br><br>*Attorneys for Defendant*<br>*Ozone Networks, Inc., d/b/a OpenSea* |
| Dated: February 25, 2025 | Dated: February 25, 2025 |

**SO ORDERED.**

_____
ARUN SUBRAMANIAN, U.S.D.J.

Dated:   New York, New York

February 25, 2025

The Court expects the parties to comply with the terms of the protective order they have mutually agreed to.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 25, 2025

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUID RARITY EXCHANGE, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>OZONE NETWORKS, INC., d/b/a OpenSea<br><br>      Defendant. | Case No. 1:24-cv-7651-AS<br><br>NON-DISCLOSURE AGREEMENT |

     I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

     Dated:_____        _____